In the Matter of the Claim of HUGH MURRAY, Appellant, against INTERBOROUGH RAPID TRANSIT COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.

— This is an appeal from a decision of the State Industrial Board, dated April 22, 1936, which rescinded an award in favor of the claimant made August 2, 1935. Claimant's hands were injured in his employment by frost bite on December 29, 1933, and, as a part of the medical treatment administered at the instance of the employer, his hands were heavily bandaged. The middle, ring and small fingers of both hands were contracted and their grasping power impaired. On January 5, 1934, while still disabled, and while his hands were bandaged and weakened as aforesaid, he stumbled or slipped when going down a flight of stairs. He grasped the bannister, but owing to the bandages and the loss of grasp, he was unable to hold on, and fell. He sustained multiple and severe injuries, from which he became totally disabled. There is no dispute in the evidence; and that he was unable to make full use of the protection of the bannister because of the bandages and the lessened grasp is not denied or questioned. The Board in its memorandum stated that the facts mentioned did not " spell out " a case of " consequential accident;" that the condition of the hands did not cause claimant to slip or stumble; and that the slipping " was a new cause without which the latter injury would not have occurred." It is clear from the findings and the memorandum that the Board was of the opinion that there could be only one proximate cause; and that there could not be two proximate causes, each an efficient cause, without which the accident would not have happened. The evidence is that the claimant was unable, due to the first accident, to fully protect himself, or to use the protection that was available to him, because of the condition of his hands. This evidence is not contradicted nor questioned. The Board gives no indication that it disbelieves the evidence of the claimant or the medical evidence of contraction of the fingers and lessened grasp. If that evidence is believed, the slipping at the top of the stairs, and the condition of claimant's hands, were both proximate causes. (*Matter of Chiodo* v. *Newhall Co.*, 254 N. Y. 534; *Matter of Prentice* v. *Weeks*, 239 App. Div. 227; affd., 264 N. Y. 507.) Decision reversed, and matter remitted to the State Industrial Board, with costs to the claimant against the employer. McNamee, Crapser and Heffernan, JJ., concur; Rhodes, Acting P. J., and Bliss, J., dissent, and vote to affirm.